PER CURIAM.
The Florida Bar charged respondent with violating five disciplinary rules of the Florida Bar Code of Professional Responsibility. The material facts are not in dispute. A Mr. and Mrs. O’Hearn contacted respondent and arranged for his assistance in adopting a newborn child. After the couple received the child but before the final hearing on the adoption, a fee disagreement arose. Respondent then wrote a letter to the social worker handling the case for the Department of Health and Rehabilitative Services, stating that he suspected the couple might be in financial difficulties. He suggested the social worker undertake further investigation to determine if his clients were financially able to provide for the child. After the social worker informed him that she would not withdraw the favorable recommendation, respondent wrote her a second letter detailing the fee dispute, indicating his distress at having placed the child with his clients, and implying that he questioned the acceptability of the couple’s moral standards. Both in his testimony at the hearing before the referee and in his brief before this Court, respondent expressed his contempt for his former clients, insisting that he would always regret placing the child with them. He stated that he felt his first letter to the social worker was entirely proper and justified.
After the hearing, the referee recommended that respondent be found guilty of violating DR 1 — 102(A)(6) (engaging in conduct which adversely reflects on fitness to practice law) for intentionally attempting to prejudice his clients’ interest during the course of the professional relationship. The referee recommended a public reprimand as the appropriate discipline. The Bar has petitioned for review, asserting that the discipline should be more severe given the facts of this cause. The Bar urges this Court to suspend respondent from the practice of law for three months and one day, with reinstatement conditioned upon proof of rehabilitation.
We approve the referee’s report insofar it finds respondent guilty of violating DR 1— 102(A)(6), but we agree with the Bar that public reprimand is an insufficient sanction. Respondent intentionally and unjustifiably attempted to injure his clients, allowing his personal prejudices to interfere with his professional responsibilities. Fortunately, the clients suffered no actual harm in the adoption process.
We have determined that the appropriate measure of discipline in this instance is suspension from the practice of law for three months. Respondent will have twenty days from the date of this order to take steps necessary to protect his clients. Execution shall issue against respondent for the cost of these proceedings in the amount of $1,479.17.
It is so ordered.
ADKINS, Acting Chief Justice, and BOYD, OVERTON, ALDERMAN and MCDONALD, JJ., concur.